```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Gary LaBarbera and Frank Finkel, as
Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds

                    Plaintiffs,           MEMORANDUM OPINION
                                          AND ORDER (CPS)(KAM)
                                          CV-06-6643
     -against-

MMK Trucking, Inc.,

                    Defendant.

----------------------------------------X
```

SIFTON, Senior Judge.

Plaintiffs Gary LaBarbera and Frank Finkel, Trustees of Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation Sick Leave Trust Funds (the "Funds"), commenced this action against MMK Trucking, Inc. ("MMK"), to recover payments for unpaid fringe benefit contributions and delinquency charges, along with interest on the contributions, pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001 *et. seq*, and the terms of the collective bargaining agreement ("CBA") and the Declaration of Trust ("Trust Agreement") between Local 282 of the International Brotherhood of Teamsters and MMK. Plaintiffs also seek liquidated damages pursuant to ERISA, injunctive relief and an award of attorney's fees and costs. Now before the Court is defendant's motion to

vacate the entry of default pursuant to Federal Rule of Civil Procedure 55(c).[1]  For the reasons set forth below, defendant's motion is granted.

**Background**

The following facts are drawn from the complaint and the parties' submissions in connection with this motion.  Disputes are noted.

The Funds are employee benefit plans organized under ERISA, 29 U.S.C. §10001 *et seq.*, which provide various benefits, including fringe benefits, to covered employees.  The Funds are operated pursuant to the terms of the CBA and Trust Agreement.  Under the terms of the CBA and Trust Agreement, defendant was required to make fringe benefit contributions to the Funds, but failed to do so.

Defendant MMK is a corporation doing business in Suffolk County, New York.  According to defendant, its place of business is 58 Holbrook Street, North Patchogue, NY.

Plaintiffs filed a complaint on December 15, 2006 and served a copy of the summons on defendant at the address of 614 Union Avenue, Holtsville, NY.  Defendant acknowledges that it has received mail at the Holtsville address because of problems with the delivery of mail to the North Patchogue address.

---

[1] Federal Rule of Civil Procedure 55© states in relevant part that "[t]he court may set aside an entry of default for good cause. . ." Fed. R. Civ. P. 55(c).

Plaintiffs have two other actions (06-CV-1329 and 03-CV-1508) against defendant, both of which are being litigated in the Eastern District of New York. Defendant is represented by the same counsel in all three actions. The parties dispute whether the action currently before this Court is related to the other actions.

After defendant failed to appear or otherwise defend this action, plaintiffs moved for default judgment and on February 22, 2007, the clerk entered a default against defendant. On July 6, 2007, I referred the matter to Magistrate Judge Matsumoto for an inquest on damages and a report and recommendation. Defendant filed its motion to vacate the entry of default on December 20, 2007,[2] prior to the issuance of a report and recommendation by the Magistrate Judge.

## Discussion

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk shall enter the party's default." Fed. R. Civ P. 55(a). After an entry of default has been made, the defendant may move to set aside the default entry for "good cause shown." Fed.R.Civ.P. 55(c).

---

[2] Although the defendant states that it has filed a motion to vacate judgment, because a final order of default judgment has not been entered, I consider defendant's motion as a motion to vacate the default entry pursuant to Fed.R.Civ.P. 55(c).

There are three criteria used to establish good cause, which are: (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether setting aside the default would prejudice the party who secured its entry. *Marziliano v. Heckler*, 728 F.2d 151, 156 (2d Cir. 1984). In addition, the Court may also consider equitable factors, including "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

An entry of default is not favored and is considered an "extreme sanction" which "must remain a weapon of last, rather than first, resort." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). Any "doubt should be resolved in favor of the defaulting party." *Enron*, 10 F.3d at 96.

With respect to the first good cause factor, willfulness "refer[s] to conduct that is more than merely negligent or careless" and may be found where the conduct of the defaulting "was egregious and was not satisfactorily explained." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998), *cert. denied,* 525 U.S. 931 (1998). Here, defendant argues that plaintiffs should have served the motion for default judgment on its counsel and at defendant's principal place of business in North Patchogue. Although defendant does not offer an explanation of when it

learned of this action or whether it still receives mail at the Holtsville address, given the defendant's prompt appearance in the other two pending actions and resolving all doubts in favor of the defendant, I find that defendant's default was not willful.

Turning to the second good cause factor, "the defaulting party must present a meritorious defense demonstrating that if relief is granted the outcome of the suit may be different than if the entry of default . . . is allowed to stand." *In re Martin-Trigona v. Belford*, 763 F.2d 503, 505, n.2 (2d Cir. 1985)(internal quotations and citation omitted). Defendant argues that this action is duplicative of a currently pending action between the same parties where plaintiff seeks relief pursuant to the same provisions of ERISA and for an overlapping time period. *See La Barbera et al v. MMK Trucking, Inc. et al*, No. 06-CV-1329 (E.D.N.Y.). Accordingly, MMK has asserted a meritorious defense, which weighs in favor of vacating the entry of default.

Finally with respect to the third factor, although vacatur may delay plaintiffs' recovery, delayed recovery does not establish prejudice in the absence of a showing that the delay has resulted in the loss of evidence or will create difficulties in discovery. *Enron*, 10 F.3d at 98. Because plaintiffs have not established that a delay would impede discovery, I find that

-6-

plaintiffs would not be prejudiced by an order vacating the entry of default. Accordingly, defendant's motion for vacating the entry of default is granted.

## Conclusion

For the reasons set forth above, defendant's motion to vacate the entry of default is granted. The Clerk is hereby directed to vacate the entry of default and to furnish a copy of the within to the parties and to the Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York
          February 25, 2008


          By:        /s/ Charles P. Sifton (electronically signed)
                                United States District Judge